IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **Rahnald A. Gorman,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>)<br>**John E. Potter, Postmaster General,** )<br>**United States Postal Service et al.,** )<br>)<br>)<br>**Defendants.** )<br>_____ ) | Case No. 05-2160-JWL |

## MEMORANDUM AND ORDER

Plaintiff, appearing pro se, filed suit against defendant John E. Potter and various individual defendants alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. This matter is presently before the court on the individual defendants' (other than John E. Potter) motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that they, as individuals, simply cannot be held liable to plaintiff for alleged violations of Title VII. For the reasons set forth below, the motion is granted and plaintiff's complaint is dismissed against all defendants except for John E. Potter.[1]

---

[1] Pursuant to Local Rule 6.1(d)(2), a party has twenty three days to respond to a motion to dismiss. Pursuant to Local Rule 7.4, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Plaintiff has not filed a response to defendants' motion to dismiss and, thus, the motion is uncontested. Nonetheless, as should be clear from the court's order, the court is not granting the motion on the grounds that plaintiff failed to respond to the motion; the court is granting the motion based solely on the

Title VII makes it unlawful for an "employer" to "refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1). Thus, the individual defendants are subject to liability under Title VII only if, at the time of the alleged discrimination, they meet the statutory definition of "employer," to wit: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." *See Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205 (1997) (quoting 42 U.S.C. § 2000e(b)).

It is well settled in the Tenth Circuit that individuals are not "employers" for purposes of Title VII, *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996) (Title VII liability is appropriately borne by employers, not individual supervisors). Moreover, the Tenth Circuit has expressly held that in a Title VII case against the United States Postal Service, the only proper defendant is the head of the agency, the United States Postmaster General. *See Brezovski v. United States Postal Service*, 905 F.2d 334, 335 (10th Cir. 1990) (citing 42 U.S.C. § 2000e-16(c)). Simply put, *Haynes* and *Brezovski* mandate the dismissal of plaintiff's claims against all individual defendants in this case, except John E. Potter.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the individual defendants'

---

merits of the arguments contained therein.

motion to dismiss (doc. #7) is granted and plaintiff's complaint against these individuals is dismissed with prejudice.

**IT IS SO ORDERED.**

Dated this 14th day of November, 2005, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
John W. Lungstrum
United States District Judge